United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAE DUDEK, | No. C-09-1591 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |
| LAW OFFICE OF SCOTT CARRUTHERS, | |
| Defendant. | **(Docket No. 27)** |
| _____/ | |

Plaintiff Rae Dudek filed suit against Defendant the Law Office of Scott Carruthers, asserting that the latter had violated the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). *See* Cal. Civ. Code § 1788 *et seq.* For these alleged violations, Ms. Dudek asked for, *inter alia*, statutory damages, attorney's fees, and costs. The Law Office filed a counterclaim. Before the initial case management conference was held, the parties settled the case in its entirety. The parties seem to agree that, under the terms of the settlement agreement, the Law Office would pay Ms. Dudek $500; the Law Office would dismiss its counterclaim against Ms. Dudek without prejudice; the parties would submit the issue of attorney's fees to the Court (including the matter of whether Ms. Dudek was a prevailing party); and, if fees were awarded, they would be capped at $4,000.

Currently pending before the Court is Ms. Dudek's motion for fees and costs. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record,

the Court hereby **GRANTS** the motion and awards Ms. Dudek fees and costs in the amount of $4,000.[1]

## I. DISCUSSION

Both the RFDCPA and FDCPA contain fee-shifting provisions. The FDCPA provides in relevant part that "any debt collector who fails to comply with any provision of this title [15 U.S.C. § 1692 *et seq.*] with respect to any person is liable . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (noting that the FDCPA includes a fee-shifting statute under which the prevailing party is awarded her fees). Similarly, the RFDCPA provides in relevant part that, "[i]n the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor . . . ." Cal. Civ. Code § 1788.30(c).

As is apparent from the language quoted above, a plaintiff is entitled to attorney's fees and costs under the two Acts if she is a prevailing party. Although the Law Office asserts that Ms. Dudek is not the prevailing party, the Court disagrees. Under the settlement agreement, Ms. Dudek obtained relief for the claims that she asserted – *i.e.*, $500. *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (stating that, "to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim") (internal quotation marks omitted). It is immaterial that the Law Office may not have admitted any liability and that any violation may have been only a technical violation. *Cf. id.* at 112 (holding that a plaintiff who wins only nominal damages is still a prevailing party). To the extent the Law Office argues that Ms. Dudek is not the prevailing party because the $500 was less than a prior settlement offer that it extended to her, it cites no authority to support this argument.

It is true that a settlement agreement that does not contemplate any judicial enforcement may lack sufficient judicial imprimatur to make a plaintiff a prevailing party. *See P.N. v. Seattle Sch.*

---

[1] The parties agreed that a hearing was not necessary for this motion.

2

*Dist.*, 474 F.3d 1165, 1171 (9th Cir. 2007) (holding that, based on *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001). However, a plaintiff is a prevailing party when she has achieved "some material alteration of the legal relationship of the parties" and that change is "judicially sanctioned," and the Ninth Circuit has held that there is sufficient judicial imprimatur if the settlement agreement provides for a court's retention of jurisdiction to resolve the issue of attorney's fees and costs. In *Richard S. v. Department of Dev. Servs. of State of Cal.*, 317 F.3d 1080, 1088 (9th Cir. 2003), the court stated that, "[t]hrough [the parties'] legally enforceable settlement agreement *and* the district court's retention of jurisdiction [to resolve the issue of fees and costs], plaintiffs obtained a judicial imprimatur that alters the legal relationship of the parties." (Internal quotation marks omitted; emphasis added). *See Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1134 n.5 (9th Cir. 2002) (noting that "the parties, in their settlement, agreed that the district court would retain jurisdiction over the issue of attorneys' fees, thus providing sufficient judicial oversight to justify an award of attorneys' fees and costs"). In the instant case, there is no dispute that the parties agreed the Court would retain jurisdiction to deal with fees. *See* Docket No. 25 (notice, filed on 10/14/2009). Accordingly, the Court concludes that Ms. Dudek is the prevailing party for purposes of the FDCPA and RFDCPA.

As to the amount of fees and costs, as noted above, the parties agreed that they would be capped at $4,000. Ms. Dudek contends that she should be awarded the entire $4,000, submitting evidence that the lodestar exceeds this amount.[2]

In its opposition, the Law Office makes only two arguments as to why the $4,000 amount is excessive and why Ms. Dudek should be awarded no more than $500 in fees and costs.[3] First, the Law Office argues that the $4,000 amount is disproportionate to the recovery obtained by Ms. Dudek. Second, the Law Office asserts that the attorneys did not do much of anything on the case.

---

[2] According to Ms. Dudek, her attorneys and their staff spent 20.10 hours on the case at hourly rates of $125 to $394 (for a total of $4,907.80) and costs of $350 were incurred. *See* Mot., Ex. B (billing records); Lee Decl. ¶¶ 1-7.

[3] The Law Office does not make any challenge to the claimed hourly rates of Ms. Dudek's attorneys and their staff. Based on the evidence submitted by Ms. Dudek, as well as the Court's own experience, the Court concludes that the claimed hourly rates are in fact reasonable.

3

*See* Opp'n at 4 ("[W]hat really happened in this case?  A form complaint was filed, the defendant was served, and before the first appearance, the case was settled.").

The Court does not find either contention availing.  As to the first argument, Ms. Dudek has cited a number of cases where the fees awarded far exceeded the recovery.  *See* Reply at 4 n.1 (citing cases[4]).  The Court also notes that, under the Law Office's reasoning, any time a plaintiff in a FDCPA or RFDCPA case is awarded only statutory damages -- which have a maximum of $1,000, *see* 15 U.S.C. § 1692k(a)(2)(A); Cal. Civ. Code § § 1788.30(b) -- then the plaintiff should be awarded only minimal attorney's fees, no matter what work was actually done on the case.  This position is untenable.  As for the second argument, the billing records submitted by Ms. Dudek justify the number of hours spent on the case.

## II. CONCLUSION

The Court therefore grants Ms. Dudek's motion for attorney's fees and costs and awards her fees and costs in the amount of $4,000.

The motion hearing and Case Management Conference on December 23, 2009, are hereby **VACATED**.

This order disposes of Docket No. 27.

IT IS SO ORDERED.

Dated: December 15, 2009

　　　　　　　　　　　　　　　　　　　　　EDWARD M. CHEN
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[4] *See, e.g.*, *Goins v. JBC & Assocs., P.C.*, No. 3:03cv636 (JBA), 2006 U.S. Dist. LEXIS 8717, at *1, 9 (D. Conn. Mar. 6, 2006) (where FDCPA case settled for $1,500, awarding $23,421.00 in attorney's fees and $895.19 in costs); *Gradisher v. Check Enforcement Unit*, No. 1:00-CV-401, 2003 U.S. Dist. LEXIS 753, at *3, 28-29 (W.D. Mich. Jan. 22, 2003) (where plaintiff in FDCPA case awarded $1,000 in statutory damages, awarding fees in the amount of  69,872.00 and expenses in the amount of $7,808.44); *Armstrong v. Rose Law Firm, P.A.*, No. 00-2287 (MJD/SRN), 2002 U.S. Dist. LEXIS 16867, at *2, 14 (D. Minn. Sept. 4, 2002) (where plaintiff in FDCPA case awarded $1,000 in statutory damages, awarding more than $40,000 in fees).